[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11477
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00137-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUAN MENDEZ-TOMAS,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan Mendez-Tomas pleaded guilty to illegally reentering the United States

without authorization as a felon in violation of 8 U.S.C. § 1326. Mendez-Tomas

was sentenced to 36 months' imprisonment to be followed by 3 years of supervised release. He now appeals from his sentence, which he argues is both procedurally and substantively unreasonable. Because we conclude that his sentence is both procedurally and substantively reasonable, we affirm.

I.

The probation office calculated Mendez-Tomas's offense level at 21 and his criminal history level at III. This resulted in a guidelines range of 46 to 57 months' imprisonment. In calculating Mendez-Tomas's offense level, which had a base level of 8, the probation office gave him a 16-level enhancement because his prior conviction involved a human-trafficking offense. U.S.S.G. § 2L1.2. Mendez-Tomas received a 3-level reduction for acceptance of responsibility.

At sentencing, Mendez-Tomas argued that the 16-level enhancement under § 2L1.2 overstated the seriousness of his prior conviction and accordingly requested a downward departure by 8 levels. The district court denied his request for a downward departure on those grounds, but agreed that Mendez-Tomas's criminal history category overstated the seriousness of his other convictions and departed downward by one level in his criminal history score. As a result, the district court's final guidelines calculation resulted in a range of 41 to 51 months' imprisonment. The district court initially indicated that it did not think that a

2

downward variance was appropriate, but then reconsidered, varied downward and imposed a sentence of 36 months' imprisonment to be followed by 3 years of supervised release.

On appeal, Mendez-Tomas argues that the district court's sentence was procedurally unreasonable because the district court failed to adequately address his mitigation arguments and explain its downward variance. Mendez next argues that his sentence is substantively unreasonable because it does not achieve the purposes of 18 U.S.C. § 3553(a).

## II.

We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011). We first look to whether the district court committed any significant procedural error. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). If we conclude that the sentence is procedurally reasonable, we then examine it for substantive reasonableness. *Id.* We will only vacate a sentence if we are definitely and firmly convinced that the sentence is outside the reasonable ranges of sentences for a given case. *Id.* at 1191.

III.

Mendez-Tomas argues that his sentence was procedurally unreasonable because the district judge failed to consider the § 3553(a) factors and failed to adequately explain his downward variance. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). Specifically, Mendez-Tomas argues that the district court did not consider his mitigation evidence, including his personal background and alcohol abuse.

At sentencing, the district judge is required to set forth the reasons for his sentence in sufficient detail so as to permit "meaningful appellate review." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quoting *United States v. Gall*, 552 U.S. 38, 50 (2007)). Although a judge is required to consider the § 3553(a) factors in making his sentencing decision, he is not required to explicitly say that he has considered them or to discuss each one in detail. *Id.* He must merely say enough to show that he has considered the parties' arguments and has a reasoned basis for his decision. *Id.*

Here the district judge said that after considering the § 3553(a) factors,[1] including the nature of the defendant's prior offenses, the information in Mendez-Tomas's sentencing memorandum, and the pre-sentence investigation report, that he would vary downward from the low-end of the guidelines range. Additionally, throughout the hearing the judge discussed Mendez-Tomas's criminal history and alcohol problems with counsel. The district judge also explained his reasons for not departing downward based on Mendez-Tomas's prior human-trafficking conviction, but why he decided to do so regarding his criminal history category. We conclude that the district court's colloquy with Mendez-Tomas's counsel, as well as its statement that it had considered the defendant's history and the § 3553(a) factors before imposing its sentence, demonstrate that the district court meaningfully considered the defendant's arguments and explained his reasons for varying downward. Accordingly, the district court imposed a procedurally

---

[1] Mendez-Tomas also argues that the district court should have considered the sentencing disparity between those convicted of illegal reentry in judicial districts with "fast-track" programs for deportation and those who are convicted in districts without such programs in determining whether to grant a larger variance. Mendez-Tomas recognizes that our decision in *United States v. Vega-Castillo*, 540 F.3d 1235 (11th Cir. 2008), forecloses that argument, but urges that we consider it in light of *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Pepper v. United States*, 131 S.Ct. 1229 (2011). Of course, our decision in *Vega-Castillo* was based on the premise that *Kimbrough* had not overruled our earlier decisions preventing the consideration of fast-track programs. 540 F.3d at 1238-39. That same application of the prior-panel-precedent rule prevents us from applying *Pepper* to abrogate *Vega-Castillo*. As such, the district court properly refused to consider the disparity between fast-track and non-fast-track sentencing disparities in imposing sentence.

5

reasonable sentence.

We now address Mendez-Tomas's substantive-reasonableness arguments. Among the factors we look at to determine whether a sentence is substantively reasonable is where the sentence stands in relation to the statutory maximum for a given offense. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that 50 month sentence for illegal reentry was substantively reasonable given the difference between the sentence and the statutory maximum of 10 years). Here the sentence was seven years less than the statutory maximum that Mendez-Tomas could have received. Accordingly, we conclude that his sentence is substantively reasonable.

**AFFIRMED.**